CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant KEVIN O. HILL**
**United States Army, Appellant**

ARMY 20160396

Headquarters, 21st Theater Sustainment command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Timothy G. Burroughs, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

28 November 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

Where the government is responsible for forty-three days of unexplained delay elapsing between the convening authority's action and docketing with this court, we grant relief.

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of attempted larceny and larceny, in violation of Articles 80 and 121 Uniform Code of Military Justice, 10 U.S.C. §§ 880, 921 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of $1,000.00 pay per month for six months, and reduction to the grade of E-1. The convening authority approved the findings and only so much of the adjudged sentence as provided for a bad-conduct discharge, five months confinement, forfeiture of $1,000.00 pay per month for six months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error which merits discussion and relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit. Appellant asks this court to provide appropriate relief to remedy the dilatory post-trial processing of his case. We agree that relief is appropriate in this case and grant thirteen days confinement credit.

## LAW AND DISCUSSION

The convening authority took action fifty-six days after the sentence was adjudged, but it took forty-one additional days after convening authority action for this court to receive the record of trial and two days to docket appellant's case. The record in this case consists of just two volumes—the trial transcript is 101 pages. Appellant submitted his brief within forty-seven days of his case being docketed. The government filed its brief within one month, and explained this record was coming from Germany and argued the delay "does not necessitate relief."

There is a presumption of unreasonable delay where a record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action. *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006). Post-trial delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the "least defensible" type of post-trial delay and "worthy of the least patience." *United State v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). We find relief from this court is appropriate. As such this court provides relief in our decretal paragraph.

## CONCLUSION

Upon consideration of the entire record, the findings of guilt are AFFIRMED. Given the dilatory post-trial processing, we affirm only so much of the sentence as extends to a bad-conduct discharge, 140 days confinement, forfeiture of $1,000.00 pay per month for six months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

HILL—ARMY 20160396

Judge HERRING and Judge PENLAND concur.[*]

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Corrected.